IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff-Respondent, ) <br> ) <br> v. ) <br> ) <br> FLORENTINO VILLEGAS- ) <br> DELGADILLO, ) <br> ) <br> Defendant-Petitioner. ) <br> ) | Case No.  CV-05-293-S-BLW <br> CR-03-109-S-BLW <br><br> **ORDER** |

Defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1) alleging ineffective assistance of counsel for (1) failure to file a notice of appeal, and (2) failure to pursue with the Government a sentence reduction pursuant to Fed. R. Cr. P. 35(b)(2) based on post-sentencing substantial assistance. Because it was filed five months after the one-year statute of limitations had run, the Court determined that his Motion was untimely based on § 2255(1) absent equitable tolling. The Court also determined that the facts alleged

Order - 1

in the Motion and the supporting Affidavit (Docket No. 5), if true, could justify equitable tolling.  *Order* (Docket No. 7).  The Court then directed the Government to respond to both the equitable tolling issue and Defendant's substantive claims.  *Id.*

The Government filed its Response (Docket No. 10) and subsequently a Supplemental Response (Docket No. 13) contending that Defendant's § 2255 Motion is time-barred and incorporating the affidavit of defense counsel denying that Defendant instructed him to file a notice of appeal.  The affidavit controverted other facts set forth in Defendant's affidavit as well.

### A.     Statute of Limitations

It appears that the operative date from which the statute of limitations began to run should be determined by reference to § 2255(4) rather than to § 2255(1).  Section 2255(4) provides that the statute of limitations begins to run on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  *See* 28 U.S.C. § 2255(4).  In other words, the statute of limitations would have begun to run on the date Defendant should have, with the exercise of due diligence, discovered that counsel had not filed the notice of appeal.  *See Wims v. United States*, 225 F.3d 186, 188 (2nd Cir. 2000) (reversing dismissal of § 2255 motion as time barred on equitable

tolling grounds rather than § 2255(4) grounds where defendant alleged delay in filing motion was due to belief that appeal was pending).

Section 2255(4) "resets the limitations period's beginning date, moving it from the time when the conviction became final, *see* § 2255(1), to the later date on which the particular claim accrued. (Citation omitted)." *Id*. at 190. The court must determine "when a duly diligent person in petitioner's circumstances would have discovered that no appeal had been filed." *Id*. (finding that five-month delay on its face was not clearly unreasonable and remanding for an evidentiary hearing regarding, among other things, defendant's post-sentence conversation with his attorney and details of the conditions of his confinement). In determining due diligence, the court must consider a prisoner's individual circumstances. *Montenegro v. United States*, 248 F.3d 585, 592 (7th Cir. 2001), *rev'd on other grounds*, *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001) (citing *Wims* but finding no due diligence, despite lack of sophistication and language barrier, where defendant had received copy of docket sheet indicating an appeal had not been filed six months after his conviction).

Defendant's allegations regarding the basis for equitable tolling may also be relevant to the issue of when he should have discovered that no appeal had been filed. Those allegations conflict with the affidavit of defense counsel, Therefore,

Order - 3

the Court must hold an evidentiary hearing to make the relevant factual determinations. If the Court finds after an evidentiary hearing that Defendant's § 2255 Motion is timely, it would then proceed to a determination on the merits of the motion.

### B. Notice of Appeal

Counsel's refusal to file a notice of appeal despite a defendant's instruction to do so constitutes ineffective assistance of counsel, and the lost chance to appeal constitutes prejudice. *See United States v. Sandoval-Lopez*, 409 F.3d 1193, 1196-98 (9th Cir. 2005) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). This is so even if to appeal would be contrary to the plea agreement, have little chance of success, or subject the Defendant to a much higher sentence if successful. *Id.*

The Court here is faced with diametrically opposing affidavits. Defendant has alleged specific facts that he directed counsel to file a notice of appeal and counsel failed to do so. Counsel states that he discussed filing a notice of appeal with Defendant explaining he had waived his right to appeal and believed Defendant agreed. Therefore, if the Court determines that Defendant's claim is not time-barred, it must hold an evidentiary hearing to determine whether Defendant's claim that he instructed counsel to file a notice of appeal is true or false or whether it is true but after consulting with counsel he withdrew his request. *See id.* at 1198.

**Order - 4**

### C. Post Sentencing Substantial Assistance

Defendant claims that counsel's performance was deficient in not pursuing a sentence reduction pursuant to Fed. R. Civ. P. 35(b)(2). If the Court determines that Defendant's § 2255 Motion is time barred, this claim will obviously be dismissed. If the Court determines that the § 2255 Motion is not time barred and determines that Defendant prevails on the notice of appeal issue, the claim is premature. Defendant must exhaust his direct appeal before the Court will consider a § 2255 Motion. *See United States v. LaFromboise*, 427 F.3d 680 (9th Cir. 2005) (citing *United States v. Pirro*, 104 F.3d 297, 298 (9th Cir. 1997)). On the other hand, if the Court determines that the motion is not time-barred but also finds that Defendant does not prevail on the notice of appeal issue, the Court would then address this claim on the merits. For these reasons, the Court will not rule on this claim at this time.

### D. Evidentiary Hearing

The facts involved in the statute of limitations issue and the notice of appeal issue are interrelated. The facts underlying the substantial assistance claim do not appear to require extensive testimony. Accordingly, it seems prudent to hold an evidentiary hearing to address all issues at the same time.

If the Government wishes to avoid the need for an evidentiary hearing, it can

Order - 5

waive the statute of limitations defense as well as stipulate to the Court's vacating the judgment, re-entering the judgment, and appointing counsel to file a timely notice of appeal. *See United States v. Bendolph*, 409 F.3d 155, 164 (3rd Cir. 2005) (§ 2255 statute of limitations is not jurisdictional and may be waived by the Government) *and Sandoval-Lopez*, 409 F.3d at 1198 (noting "the government may choose this alternative [of stipulating to vacating judgment] to free itself from the restraint of the plea bargain, or because getting the appeal dismissed would be less work than an evidentiary hearing").

## ORDER

IT IS HEREBY ORDERED that the Government notify the Court within ten (10) days from the date of this Order as to whether it intends to proceed to an evidentiary hearing in this matter or whether it will waive the statute of limitations defense and stipulate to the Court's vacating and reentering the judgment and appointing counsel so Defendant can file a timely notice of appeal.

IT IS FURTHER HEREBY ORDERED that if the Government chooses to proceed with an evidentiary hearing, the Court will immediately appoint counsel for Defendant and set a date for the hearing at which all issues will be heard.

IT IS FURTHER HEREBY ORDERED that Defendant's Motions to Adjudicate Ruling (Docket Nos. 18 and 19) are MOOT.



DATED:  **April 20, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Order - 7**